FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/27/2019 11:58 AM
JAMIE SMITH
DISTRICT CLERK
A-204027

CAUSE NO. _____

| | | |
|---|---|---|
| JODI W. PORTIE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ANTHEM INSURANCE COMPANIES, INC | § | |
| MERIDIAN RESOURCE COMPANY, LLC | § | _____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JODI W. PORTIE, hereinafter called Plaintiff, complaining of ANTHEM INSURANCE COMPANIES, INC., (hereinafter referred to as "Defendant Anthem"), MERIDIAN RESOURCE COMPANY, LLC, (hereinafter referred to as "Defendant Meridian") collectively referred to as "Defendants," and for cause of action would respectfully show unto the Court as follows:

### I.

Plaintiff brings this case pursuant to Level 3 of the Revised Texas Rules of Civil Procedure.

### II.
### PARTIES

At all times pertinent to this lawsuit, Plaintiff has been a resident of Jefferson County, Texas.

Defendant, ANTHEM INSURANCE COMPANIES, INC., is a Foreign Company doing business in the State of Texas and may be served with process by serving CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 22, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 1 of 10

1

Defendant, MERIDIAN RESOURCE COMPANY, LLC is a limited liability company doing business in the State of Texas with its principal mailing address located at Post Office Box 659940, San Antonio, Texas 78265-9939. This Defendant does not maintain a registered agent in the state of Texas and may be served with process pursuant to the long arm statute through the Secretary of State of Texas, Statutory Documents, Post Office Box 12079, Austin, Texas 78711, as statutory agent for forwarding by Certified Mail, Return Receipt Requested to the registered agent for, MERIDIAN RESOURCE COMPANY, LLC, CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin, 53703, *and* MERIDIAN RESOURCE COMPANY, LLC, Post Office Box 659940, San Antonio, Texas 78265-9939, or wherever Defendant may be found.

### III.
### JURISDICTION AND VENUE

Jurisdiction and venue are proper in Jefferson County, Texas because the insurance agreement Plaintiff seeks to enforce was entered, arose in, and is performable in Jefferson County, Texas. Thus, a substantial part of the acts and omissions giving rise to Plaintiff's claims against Defendant arose in Jefferson County, Texas.

### IV.
### FACTS

Plaintiff entered into a contract of insurance with Defendant ANTHEM in Jefferson County, Texas, whereby Plaintiff paid a premium in consideration for Defendant ANTHEM's agreement to provide health insurance coverage. Defendant



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY , TEXAS

Jamie Smith   Page 2 of 10

2

NOTICE OF REMOVAL - EXHIBIT A

ANTHEM issued the instant insurance coverage to Plaintiff under Policy No. UNR012A70019, through which Defendant ANTHEM agreed to pay the health insurance benefits made the subject of this case.

On or about August 20, 2016, Plaintiff sustained personal injuries in a slip-and-fall accident at a local business.

At the time of the accident, Plaintiff was walking into a Sam's Club shopping center in Beaumont, Texas when she stepped in a hole in the entryway and broke her foot. She immediately followed up with her treating doctor, Beaumont Foot Specialist, for an evaluation of her injuries. Her doctor examined the Plaintiff and recommended she have surgery to fix the fracture in her foot. Following the surgery, Plaintiff continued to treat with Dr. Bruyn for follow ups. When Plaintiff's body was healed sufficient enough to begin therapy, she was referred out. She participated in physical therapy and any other treatments her doctors recommend she have as a result of her injuries.

All of Plaintiff's medical bills for the treatment received as result of her injures were submitted to Defendant ANTHEM. Those bills were then paid by Defendant ANTHEM at the contractually reduced rate. Later, Plaintiff brought suit against Sam's Club in order to compensate her for the injuries she sustained on its premises. At the resolution of the case, Plaintiff reimbursed Defendant ANTHEM for the monies paid to her providers on her behalf. The money was paid to Defendant MERIDIAN who collected the subrogation interest for Defendant ANTHEM.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 3 of 10

3

After paying the subrogation lien to Defendant MERIDIAN, Defendant ANTHEM demanded reimbursement from all of Plaintiff's medical providers for payments made under the insurance agreement. The providers did as they were requested and returned the money to the insurance company. Then, the providers sent Plaintiff bills demanding payment for the treatments they had rendered and reimbursed Defendant ANTHEM.   Plaintiff then called Defendant MERIDIAN demanding reimbursement of the payment made to the subrogation lien for the treatments originally covered by Defendant ANTHEM that were included in the lien. Defendant MERIDIAN refused and continues to refuse to repay Plaintiff for those cancelled payments.

As noted above, at the time of the accident, the Insurance Agreement provided that the Defendant would pay healthcare benefits under the facts of this case.   Plaintiff previously complied with all conditions precedent to the bringing of this suit and recovery of all benefits under the policy.

## V.
## CAUSES OF ACTION

### A.  Declaratory Judgment

Plaintiff hereby brings a claim under Tex. Civ. P. Rem. Code § 37, the Uniform Declaratory Judgments Act. Plaintiff requests that the Court determine the rights, status, and legal relations of the parties.

The Plaintiff was/is insured by a policy of insurance underwritten by the Defendants. Plaintiff has made a claim under the medical coverage of the insurance



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
**November 22, 2019**
JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 4 of 10

4

NOTICE OF REMOVAL - EXHIBIT A

policy. Plaintiff was involved in the above described incident and was covered by the insurance agreement that should have paid for her treatment or reimburse her for the treatment she paid for through subrogation.

All conditions precedent to this claim have been satisfied.

More specifically, based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of this incident, Plaintiff seeks a declaratory judgment that she is entitled to recover from Defendants for the monies paid in satisfaction of a subrogation lien that covered treatment already paid for, which was later rejected, that those damages fall within the coverage afforded her under the policy of insurance with Defendant ANTHEM, and specifying the amount of damages, attorney's fees, interest and court costs that Defendants are obligated to pay.

## B. Breach of Contract

At the time of the accident described above, Defendants were obligated to provide medical benefits to Plaintiff, as the term is defined in the policy of insurance. Plaintiff timely and properly notified Defendants of the incident and the fact that his damages were caused by a third-party premises owner. Defendants are in possession of records and documents confirming Defendants' contractual obligation to make payments required under the insurance Policy.

Plaintiff has fully complied with all of the conditions precedent for enforcing the Insurance Agreement prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant has failed and refused,

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 5 of 10

and still fails and refuses, to pay medical benefits due under this policy, as it is contractually required to do so. Defendants have breached the provision of the insurance contract by not paying all medical benefits due to Plaintiff.

## C. Bad Faith

Defendants owe Plaintiff a common-law duty of good faith and fair dealing with respect to the handling of Plaintiff's insurance claim made the basis of this lawsuit and Defendants' investigation of those claims. Defendants breached this duty of good faith and fair dealing and acted in bad faith when they, in a concerted course of action and omission, failed to investigate Plaintiff's claims and refused to pay insurance proceeds to Plaintiff pursuant to the insurance policy made the basis of this lawsuit. This breach was a proximate cause of damages to Plaintiff. Plaintiff asserts that there was no reasonable basis for delaying or failing to investigate Plaintiff's claims for damages and benefits under the Insurance Agreement, and Defendants knew or should have known that there was no such reasonable basis to delay and fail to pay such claims.

Despite the fact that all conditions precedent to Plaintiff's recovery, including compliance with the terms and conditions of the subject policy, have been performed or have occurred, Defendants have failed and refused to pay Plaintiff the insurance proceeds owed in accordance with its contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which she is entitled. Plaintiff sent a written notice of loss followed by a specific written demand for payment, which



**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 22, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 6 of 10

6

NOTICE OF REMOVAL - EXHIBIT A

Defendants refused.  This failure to pay amounts owed under the policy of insurance was wrong, improper, and made knowingly.

Defendants knew that substantial damages had been caused to Plaintiff by the defective premises.  That said, Defendants knowingly refused to pay or properly investigate the resulting injuries and loss suffered by Plaintiff. Such conduct constitutes bad faith.

Plaintiff alleges that Defendants failed to investigate Plaintiff's claims made the basis of this lawsuit in good faith, and instead knowingly and consciously set out from the beginning to reject Plaintiff's claims and handle them in an adversarial manner.

Defendants' conduct has caused Plaintiff to suffer damages caused by delays and wrongful denials of Plaintiff's claims, and Defendants and its employees either knew of this risk or should have known given the fact that Defendants represent to the general public that it has expertise in properly handling insurance claims.

Plaintiff also asserts that Defendants knowingly failed to institute proper training guidelines and procedures for investigating claims made the basis of this lawsuit and for training employees to properly handle claims.  Plaintiff asserts that Defendants chose to pay as little as possible (or in Plaintiff's case, nothing), to delay paying insurance claims, and to deny claims whenever possible in order to avoid paying legitimate insurance claims.   Plaintiff also asserts that Defendants intentionally ignored evidence submitted by its insured, and has instituted a system whereby claims are devalued and adjusters are encouraged to deny claims

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 7 of 10

NOTICE OF REMOVAL - EXHIBIT A

conducting a reasonable investigation, and instead dispose of claims for as little as possible rather than for the legitimate values of the same.

### D. Violations of the Texas Insurance Code

Plaintiff presented his claims for benefits under the Insurance Agreement with Defendants. Defendants breached the duties prescribed by the Texas Insurance Code, including: (i) failing to attempt, in good faith to effectuate prompt fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; (ii) failing to adapt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies, (iii) leaving Plaintiff no choice but to file this action to recover an amount due under the terms of the policy, and/or (iv) committing other acts the Commissioner would determine constitutes an unfair claim settlement practice. These and any other violations of §542.003 (formerly Article 21.21) and §542.058 (formerly Article 21.55) of the Texas Insurance Code entitle Plaintiff to recover, in addition to the damages alleged herein, reasonable attorney's fees and 18% of the total damage amount, pursuant to §542.060, in addition to the damages claimed above.

### VI.
### CONDITIONS PRECEDENT

All of the conditions precedent to bringing this suit under the policy and to Defendants' liability to Plaintiff under the policy for the claims alleged have been performed or have occurred. Plaintiff has complied with all the terms and conditions of the policy for providing notice of her claims and proof of loss concerning her claims to Defendants; nevertheless, such claims have not been paid.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 8 of 10

8

NOTICE OF REMOVAL - EXHIBIT A

Such denials and refusals to pay waive any further compliance with said policy by Plaintiff and leave Plaintiff free to sue for those benefits to which she is entitled but was denied.   In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendants waived them and are estopped from asserting them, and/or Plaintiff has substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel to every defense, condition, or exclusion pleaded by Defendants, and as to each claim for breach of contract or statutory violation by Defendant.

## VII.
## DAMAGES AND RELIEF

As a result of Defendants' above acts, omissions, and breach of the Insurance Agreement, Plaintiff suffered actual and consequential damages for which Plaintiff seeks to recover in this action.   Plaintiff seeks to recover all damages and relief, including attorney fees and costs associated with being forced to bring this action.

## VIII.
## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendant supply all information required by TEX.R.CIV.P. 194.2(a)-(1) within fifty (50) days of the service of this request.

## IX.
## RULE 193.7 NOTICE

Plaintiff hereby puts Defendant on notice that Plaintiff intends to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY , TEXAS
Jamie Smith Page 9 of 10

NOTICE OF REMOVAL - EXHIBIT A

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be found liable for all of the above codified and common law duties committed by the Defendants in relationship to the Plaintiff, both at law and in equity, for actual damages in excess of the jurisdictional limits of this Court, for pre-judgment and post-judgment interest at the highest rate allowed by law, for costs of Court, and for such other and further relief to which this Court may find the Plaintiff to be justly entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Telecopier: (409) 833-8236

By: */s/ Taylor W. Miller*
Taylor W. Miller
State Bar No. 24083506
tmiller@rmqlawfirm.com

**Attorney for Plaintiff**

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

November 22, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 10 of 10

10

NOTICE OF REMOVAL - EXHIBIT A



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 22, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2087886 Total Pages: 10

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal   please e-mail districtclerk@co.jefferson.tx.us**

NOTICE OF REMOVAL - EXHIBIT A